# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AGWAY FARM & HOME SUPPLY, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10602 (JKS) |
| AGWAY FARM & HOME SUPPLY, LLC,<br><br>Plaintiff,<br>vs.<br><br>ACHILLE ENTERPRISES, INC.,<br><br>Defendant. | Adv. Pro. No. 23-_____ (JKS) |

## COMPLAINT

Agway Farm & Home Supply, LLC ("Plaintiff"), by and through its undersigned counsel, hereby brings this Complaint against Achille Enterprises, Inc. ("Defendant"), and alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is brought pursuant to and under Federal Rules of Bankruptcy Procedure 7001, *et seq*.

2. Plaintiff, as debtor and debtor-in-possession, has standing to bring this action under 11 U.S.C. §§ 542 and 1107.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this proceeding arises in and is related to the above-captioned bankruptcy

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

16021954/2

case pending in the United States Bankruptcy Court of the District of Delaware.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $22,700.00.

5. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

## THE PARTIES

6. Plaintiff is a limited liability company organized under the laws of the State of Delaware.

7. Upon information and belief, Defendant is a corporation formed under the laws of the State of New Hammpshire and maintains its principal place of business at 65 Route 202 Jaffrey Rd., Peterborough, New Hampshire 03458. The registered agent for service of process upon Defendant is George P. Achille, 80 Martel Court, Keene, New Hampshire 03431.

## FACTS

8. On July 5, 2022 (the "Petition Date"), Plaintiff filed its voluntary petition for relief under Chapter 11.

9. As of the Petition Date, Plaintiff was authorized to continue to operate its business and manage its properties as debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

10. Plaintiff is a wholesale product distribution company.

## COUNT ONE

### (Breach of Contract)

11. Plaintiff incorporates the allegations set forth in paragraphs 1 through 10 as if fully set forth herein.

12. Plaintiff and Defendant entered into a certain agreement whereby Plaintiff agreed to provide goods to Defendant, based upon purchase orders issued by Defendant to Plaintiff, in exchange for Defendant's agreement to pay Plaintiff for the goods provided to Defendant (the "Agreement").

13. Beginning on or about April 26, 2022 and continuing through the present, Defendant breached the Agreement by failing to pay Plaintiff those amounts due for goods provided to Defendant and reflected in invoices sent to Defendant. There is now due and owing the sum of $112,088.62. Attached hereto as **Exhibit "A"** is a true and correct copy of Achille Enterprises, Inc.'s account summary.

14. Plaintiff has performed all conditions and covenants required of it under the terms of the Agreement except those which have been excused by Defendant's failure to perform.

15. As a direct and proximate result of Defendant's acts as alleged herein, Plaintiff has suffered damages of at least $112,088.62, according to proof at time of trial.

## COUNT TWO

### (Account Stated)

16. Plaintiff incorporates the allegations set forth in paragraphs 1 through 15 as if fully set forth herein.

17. On or about August 10, 2022, accounts were stated in writing by and between Plaintiff and Defendant, with a balance totaling at least $112,088.62 found to be due from

3

Defendant to Plaintiff.

18. Defendant has failed to pay to Plaintiff the amount due despite Plaintiff's demands for payment.

19. There is now due and owing from Defendant an unpaid balance in the sum of at least $112,088.62.

## COUNT THREE

### (Open Book Account)

20. Plaintiff incorporates the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

21. On or about April 26, 2022 and continuing through the present, Defendant became indebted to Plaintiff on an open book account for money due in the sum of $112,088.62 for goods provided by Plaintiff at the special instance and request of Defendant and for which Defendant agreed to pay the above sum.

22. Despite Plaintiff's demands for payment of the full amount owed, Defendant has not paid anything. A balance of at least $112,088.62 is now due and owing.

## COUNT FOUR

### (Quantum Meruit)

23. Plaintiff incorporates the allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff provided goods to Defendant at its special instance and request. Defendant knew that these goods were being provided and promised to pay the reasonable value for these goods.

25. The fair and reasonable value of the goods provided to Defendant is at least

$112,088.62.

26. Despite Plaintiff's demands for payment of the full reasonable value of the goods provided by Plaintiff, Defendant has not paid anything, and a balance of $112,088.62 is now due and owing.

27. There is now due and owing an unpaid balance from Defendant in the sum of at least $112,088.62 for the reasonable value of the goods provided by Plaintiff.

## COUNT FIVE

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

28. Plaintiff incorporates the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

29. There was implied in all of the oral and written agreements between Plaintiff and Defendant a covenant of good faith and fair dealing whereby Defendant impliedly covenanted that it would in good faith and in the exercise of fair dealing, deal with Plaintiff fairly and honestly and do nothing to impair, interfere with, hinder, or potentially injure its rights.

30. As alleged herein, Defendant breached the covenant of good faith and fair dealing by its acts to evade the spirit of the bargain between Defendant and Plaintiff.

31. Plaintiff performed each and every covenant and condition of its agreement with Defendant, except those which it was prevented from performing or was excused or waived by Defendant's conduct.

32. As a proximate result of the acts of Defendant as alleged herein, Plaintiff has sustained damages in an amount according to proof at trial, but no less than $112,088.62.

## COUNT SIX

### (Unjust Enrichment)

33. Plaintiff incorporates the allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

34. Defendant has received the benefits of the product shipped and delivered to Defendant by Plaintiff by possession and use thereof.

35. In furnishing the goods to Defendant, Plaintiff was not acting as a volunteer. Defendant has accepted the benefits of the goods without payment in full to Plaintiff.

36. Defendant has been unjustly enriched therefor and it would be inequitable for Defendant to be allowed to retain the benefits of goods provided to Defendant by Plaintiff without being ordered to pay to Plaintiff the sum of $112,088.62 together with interest at the legal rate, late charges and attorneys' fees according to proof.

## COUNT SEVEN

### (Turnover)

37. Plaintiff incorporates the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

38. Defendant is in possession, custody or control of property which Plaintiff is entitled to use, sell, or lease. 11 U.S.C. §§ 363, 541.

39. Defendant does not have Plaintiff's consent to be in possession of the property.

40. Plaintiff is entitled to use the property for the benefit of the estate under 11 U.S.C. § 363.

41. The property is not of inconsequential value or benefit to the estate.

42. Defendant must turn over all interest in the property. including possession, to the Plaintiff as debtor-in-possession.

## **RESERVATION OF RIGHTS**

43. Plaintiff reserves the right to bring all other claims or causes of action that Plaintiff might have against Defendant, on any and all grounds, as allowed under law or in equity. Nothing contained in this Complaint shall be construed as a waiver of Plaintiff's rights to object to any scheduled claim or any proof of claim filed by Defendant. Accordingly, Plaintiff reserves the right to object, on any and all grounds, to any scheduled claim or proof of claim asserted by Defendant.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Court enter judgment as follows: (1) For general damages in the sum of at least $112,088.62, according to proof at time of trial; (2) For pre-judgment interest at the highest legal rate; (3) For post-judgment interest at the highest legal rate; (4) For attorneys' fees and costs of suit; (5) For turnover of the property; and (6) For such other and further relief as the Court deems just and proper.

Dated:  March 20, 2023                    **MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4152)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue; Suite 1500
Wilmington, DE  19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail:  jwaxman@morris.james.com
E-mail:  bkeilson@morrisjames.com

and

        **SHULMAN BASTIAN FRIEDMAN & BUI LLP**
Alan J. Friedman (admitted *pro hac vice*)
Melissa Davis Lowe (admitted *pro hac vice*)
Max Casal (admitted *pro hac vice*)
100 Spectrum Center Drive; Suite 600
Irvine, CA 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
E-mail: afriedman@shulmanbastian.com
E-mail: mlowe@shulmanbastian.com
E-mail: mcasal@shulmanbastian.com

*Counsel to the Debtor and Debtor in Possession*